UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILAL HANKINS | CIVIL ACTION NO.: 2:21-cv-001129 |
| VERSUS | JUDGE: ELDON E. FALLON |
| KEVIN WHEELER, RAMON PIERRE, and CARL PERRILLOUX (in their individual and official capacities), THE ORLEANS LEVEE DISTRICT POLICE, THE HOUSING AUTHORITY OF NEW ORLEANS, THE HURSTVILLE SECURITY AND NEIGHBORHOOD IMPROVEMENT DISTRICT, and DOE INSURANCE COMPANIES 1-6 | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

**ANSWER TO THE COMPLAINT OF PLAINTIFF BILAL HANKINS**

NOW INTO COURT, through undersigned counsel, come defendants, Kevin Wheeler, Roman Pierre and Carl Perilloux (hereinafter collectively referred to as "Defendants"), who with respect, answer the plaintiff's Complaint of Bilal Hankins:

FIRST DEFENSE

The Complaint fails to state a claim against these defendants upon which relief can be granted.

SECOND DEFENSE

Any claims made against Kevin Wheeler, Roman Pierre and Carl Perilloux in their "official capacity" are duplicative of plaintiff's claims against the Hurstville Security and Neighborhood Improvement District and thus state no cause of action.

THIRD DEFENSE

Defendants herein plead that any action taken by them was taken in good faith and with probable cause, without malice, under laws believed to be Constitutional.

## FOURTH DEFENSE

Defendants aver that at all times herein, their actions were reasonable, justified and legally permissible under the circumstances.

## FIFTH DEFENSE

Defendants Kevin Wheeler, Roman Pierre and Carl Perilloux specifically plead that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

## SIXTH DEFENSE

Defendants affirmatively allege that all actions taken in this matter were reasonably necessary and objectively reasonable under the circumstances, and that the Constitutional rights of Bilal Hankins were not violated.

## SEVENTH DEFENSE

These defendants are not liable under 42 U.S.C. §1983 as their actions were Constitutional.

## EIGHTH DEFENSE

Defendants are entitled to and hereby plead the statutory limitation of liability, cost and interest as set forth in La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other applicable statutory or jurisprudential limitation of liability, including an award of attorney fees, costs and interest by plaintiff to the defendants under applicable law.

## NINTH DEFENSE

Despite having adequate and reasonable opportunity to do so, plaintiff has failed to mitigate his claimed damages, so that any recovery sought herein should be reduced or precluded in its entirety.

## TENTH DEFENSE

Defendants plead that, to the extent any acts and/or omissions of these defendants was a cause of the plaintiff's injuries, which is denied, all such acts and/or omissions constitute policymaking or discretionary acts for which defendants are immune from liability under La. R.S. 9:2798.1.

## ELEVENTH DEFENSE

The sole and proximate cause of the injuries and/or damage alleged and sued upon in the Plaintiff's Original Complaint were caused by the intentional acts and/or fault of Bilal Hankins, whose intentional acts and/or fault are plead herein as a complete bar to any recovery herein or, in the alternative, as serving to diminish and/or reduce the recovery herein in proportion to the degree or percentage of fault attributable to Bilal Hankins.

## TWELFTH DEFENSE

Defendants aver that they are entitled to an award against plaintiff of all attorney fees and costs expended in the defense of this matter pursuant to federal and/or state law including, if applicable, 42 U.S.C. §1988.

## THIRTEENTH DEFENSE

To the extent that the plaintiff seeks punitive damages and attorney fees and costs under any and all state law claims, including under the doctrine of "*respondeat superior*" same should not be allowed as there is no basis under state law for an award of such damages under pendant jurisdiction.

## FOURTEENTH DEFENSE

At all times relevant herein, defendants acted in a reasonable and proper manner and they fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

## FIFTEENTH DEFENSE

As discovery has not yet commenced, these defendants reserve the right to assert additional affirmative defenses and likewise to assert additional affirmative defenses in accordance with the Court's Scheduling Order.

## SIXTEENTH DEFENSE

Defendants specifically aver any and all affirmative defenses specifically enumerated in Federal Rule of Civil Procedure article 8(c), which are applicable to this case and/or any and all affirmative defenses recognized by the jurisprudence, and these are plead herein as if copied *in extenso* to the extent that they apply.

## SEVENTEENTH DEFENSE

These defendants respectfully request trial by jury.

**AND NOW COME,** defendants, Kevin Wheeler, Roman Pierre and Carl Perilloux and, specifically answering the enumerated allegations in the Plaintiff's Complaint, respond as follows:

1.

Defendants admit to the proper statutory references, but otherwise deny the allegations of Paragraph 1.

2.

The allegations of Paragraph 2 are denied.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied.

5.

Defendants deny the first sentence of Paragraph 5. Defendants admit that Derek Chauvin has been convicted of murder of George Floyd insofar as the second sentence of Paragraph 5. Thereafter, the third and fourth sentences of Paragraph 5 contain a political statement for which there is no requirement of an answer by these defendants. However, to the extent an answer is deemed necessary by the Court, the allegations of the remainder of Paragraph 5 are otherwise denied for lack of sufficient information to justify a belief therein. The last sentence of Paragraph 5 is denied.

6.

The allegations of Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

It is admitted that at all times relevant to this Complaint, defendant Wheeler was employed by the Hurstville Security and Neighborhood Improvement District and denies that he was employed by the Orleans Levee District Police Department. Further, any lawsuit against Wheeler in his official capacity is duplicative of a lawsuit against the Hurstville Security and Neighborhood Improvement District.

9.

It is admitted that at all times relevant to this Complaint, defendant Pierre was employed by the Hurstville Security and Neighborhood Improvement District and it is denied that he was employed by the Housing Authority of New Orleans police at the time of the incident made the subject of this lawsuit. Further, any lawsuit against Pierre in his official capacity is duplicative of a lawsuit against the Hurstville Security and Neighborhood Improvement District.

10.

It is admitted that at all times relevant to this Complaint, defendant Perilloux was employed by the Hurstville Security and Neighborhood Improvement District and denies that he was employed by the Orleans Levee District Police Department. Further, any lawsuit against Perilloux in his official capacity is duplicative of a lawsuit against the Hurstville Security and Neighborhood Improvement District.

11.

The allegations of Paragraph 11 do not require an answer of these defendants as it states a conclusion of law. However, without acknowledging the necessity of answering Paragraph 11, defendants Wheeler, Pierre and Perilloux admit that it at all times they were acting under color of law.

12.

The allegations of Paragraph 12 state claims versus a fictitious insurance company and an answer is not required. Otherwise, the allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 are denied.

14.

Defendants admit to the jurisdiction of the Court.

15.

Defendants admit that this Court is a court of proper venue.

16.

The allegations of Paragraph 16 state conclusions of law and an answer is not required of these defendants.  To the extent an answer is deemed necessary, the allegations of Paragraph 16 are denied as written.

17.

The allegations of Paragraph 17 are denied as written.

18.

The allegations of Paragraph 18 are denied as written.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied as written.

23.

The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations of Paragraph 30 are denied.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The referenced complaints, interviews and statements are the best evidence of their content. Otherwise, the allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied as written.

35.

The allegations of Paragraph 35 are denied as written.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

It is admitted that Officer Wheeler ran a license plate check on the vehicle referenced.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The referenced manual is the best evidence of its contents; otherwise, the allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The referenced manual is the best evidence of its contents; otherwise, the allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are denied.

53.

It is denied that defendants made any false statements as represented in Paragraph 53.

54.

The allegations of Paragraph 54 are denied all and singular.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein as to inquiries allegedly made by Lona Hankins.  The remainder of

the allegations of Paragraph 58 are denied except to admit the content of the documents referenced therein.

59.

The allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 60 are denied as written.

61.

Defendants admit the content of the documents referenced but otherwise, the allegations of Paragraph 61 are denied as written.

62.

The allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The vast majority of Paragraph 63 contains a political statement and argument for which an answer is not necessary.  However, to the extent an answer is deemed necessary, the allegations of Paragraph 63 are denied as written.

64.

Defendants re-aver and re-allege those previous answers and defenses as set forth herein.

65.

The allegations of Paragraph 65 are denied.

66.

The allegations of Paragraph 66 are denied.

67.

It is admitted that at all times herein, defendants Wheeler and Pierre were acting under color of law, but otherwise deny that there was any Constitutional or other legal violation as set forth in the Complaint.

68.

Defendants deny that any Constitutional right of plaintiff was violated.

69.

The allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 are denied, and Wheeler and Pierre specifically assert their right and entitlement to qualified immunity.

71.

The allegations of Paragraph 71 are denied.

72.

The allegations of Paragraph 72 are denied.

73.

Defendants re-aver and re-allege all of those defenses and answers previously pled herein.

74.

The allegations of Paragraph 74 are denied.

75.

The allegations of Paragraph 75 are denied.

76.

The allegations of Paragraph 76 are denied.

77.

The allegations of Paragraph 77 are denied.

78.

It is admitted that at all times herein, defendants Wheeler and Pierre were acting under color of law, but otherwise deny that there was any Constitutional or other legal violation as set forth in the Complaint.

79.

The allegations of Paragraph 79 are denied, and Wheeler and Pierre specifically assert their right and entitlement to qualified immunity.

80.

The allegations of Paragraph 80 are denied.

81.

The allegations of Paragraph 81 are denied.

82.

The allegations of Paragraph 82 are denied.

83.

Defendants re-aver and re-allege of those answers and defenses as previously pled herein.

84.

The allegations of Paragraph 84 are denied.

85.

The allegations of Paragraph 85 are denied.

86.

The allegations of Paragraph 86 are denied.

87.

It is admitted that at all times herein, defendants Wheeler and Pierre were acting under color of law, but otherwise deny that there was any Constitutional or other legal violation as set forth in the Complaint.

88.

The allegations of Paragraph 88 are denied, and Wheeler and Pierre specifically assert their right and entitlement to qualified immunity.

89.

The allegations of Paragraph 89 are denied.

90.

The allegations of Paragraph 90 are denied.

91.

Defendants re-aver and re-allege all of those answers and defenses previously pled herein.

92.

The allegations of Paragraph 92 are denied.

93.

The allegations of Paragraph 93 are denied.

94.

The allegations of Paragraph 94 are denied.

95.

The allegations of Paragraph 95 are denied.

96.

It is admitted that at all times herein, defendants Wheeler and Pierre were acting under color of law, but otherwise deny that there was any Constitutional or other legal violation as set forth in the Complaint.

97.

The allegations of Paragraph 97 are denied.

98.

The allegations of Paragraph 98 are denied.

99.

The allegations of Paragraph 99 are denied.

100.

Defendants re-aver and re-allege all of those answers and defenses as previously pled herein.

101.

The allegations of Paragraph 101 are denied.

102.

The allegations of Paragraph 102 are denied.

103.

The allegations of Paragraph 103 are denied.

104.

It is admitted that at all times herein, defendants Wheeler and Pierre were acting under color of law, but otherwise deny that there was any Constitutional or other legal violation as set forth in the Complaint.

105.

The allegations of Paragraph 105 are denied.

106.

The allegations of Paragraph 106 are denied.

107.

The allegations of Paragraph 107 are denied.

108.

Defendants re-aver and re-allege all of those answers and defenses as previously pled herein.

109.

The allegations of Paragraph 109 are denied.

110.

The allegations of Paragraph 110 are denied.

111.

The allegations of Paragraph 111 are denied.

112.

The allegations of Paragraph 112 are denied.

113.

Defendants re-aver and re-allege all of those answers and defenses previously pled herein.

114.

The allegations of Paragraph 114 are denied.

115.

The allegations of Paragraph 115 are denied.

116.

The allegations of Paragraph 116 are denied.

117.

The allegations of Paragraph 117 are denied.

118.

Defendants re-aver and re-allege all of those answers and defenses previously pled herein.

119.

The allegations of Paragraph 119 are denied.

120.

The allegations of Paragraph 120 are denied as written.

121.

The allegations of Paragraph 121 are denied as written.

122.

The allegations of Paragraph 122 are denied as written.

123.

The allegations of Paragraph 123 are denied.

124.

The allegations of Paragraph 124 are denied.

125.

The allegations of Paragraph 125 are denied.

126.

The allegations of Paragraph 126 are denied.

To the extent an answer is deemed necessary to the Demand for Relief as contained in Paragraph V, same are denied all and singular.

WHEREFORE, defendants, Kevin Wheeler, Roman Pierre and Carl Perilloux pray that this Answer with Defenses be deemed good and sufficient and after all legal delays and due proceedings are had, that there be judgment herein, in accordance with the law and the evidence, dismissing the claims of the plaintiff at his cost and with prejudice, and after jury trial, if defendants are found to be the prevailing party, they are entitled to an award against plaintiff herein for attorney fees and costs expended in this matter pursuant to state law if applicable, and pursuant to 42 U.S.C. §1988.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

**s/ Mark E. Hanna**
MARK E. HANNA (#19336)
JOSEPH S. TRYTTEN (#38921)
MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
Email: mhanna@mblb.com
         jtrytten@mblb.com

*Attorneys for Kevin Wheeler, Roman Pierre, and Carl Perilloux*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

**s/ Mark E. Hanna**