UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BILAL HANKINS | * | CIVIL ACTION |
| Plaintiff, | * | NO. 21-1129 |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE |
| KEVIN WHEELER, ET AL. | * | JANIS VAN MEERVELD |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

# REPLY MEMORANDUM IN SUPPORT OF INDIVIDUAL HANO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Rachel W. Wisdom, La. Bar No. 21167
Heather S. Lonian, La. Bar No. 29956
Maggie A. Broussard, La Bar No. 33033
   Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112-4042
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
rwisdom@stonepigman.com
hlonian@stonepigman.com
mbroussard@stonepigman.com

5694068v.1

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................... iii

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ......... 1

    I.        LAW AND ARGUMENT .................................................................................... 2

          A.      The HANO Officers are Entitled to Qualified Immunity. ....................... 2

                1.      Plaintiff Fails to Genuinely Dispute Any Material Facts ................................. 2

                2.      Plaintiff Fails to Establish that the HANO Officers Had Any Duty to Supervise Private Details Much Less Were Deliberately Indifferent in Not Doing So. ................................................................................................... 3

                3.      Plaintiff Fails to Establish that Officer Pierre Was Inadequately Trained or that the HANO Officers were Deliberately Indifferent to the Need to Train. ... 5

                4.      Plaintiff Does Not Establish that the HANO Officers Failed to Discipline Officer Pierre or were Deliberately Indifferent to a Need to Discipline. ........... 8

          B.      Qualified Immunity is Settled Law. ......................................................... 10

    II.       CONCLUSION ................................................................................................... 10

5694068v.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ball v. LeBlanc*, 792 F.3d 584 (5th Cir. 2015) ..................................................................4

*Berry v. McLemore*, 670 F.2d 30 (5th Cir. 1982) ..............................................................9

*Brown v. Callahan*, 623 F.3d 249 (5th Cir. 2010) .............................................................2

*Camilo-Robles v. Hoyos*, 151 F.3d 1 (1st Cir. 1998) .........................................................5

*Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994) ............................................5

*Lewis v. Pugh*, 289 Fed. Appx. 767 (5th Cir. 2008) ..........................................................6

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375 (5th Cir. 2005) ......................................................................................................................6, 8

*Mitchell v. City of New Orleans*, 184 F.Supp.3d 360 (E.D. La. May 2, 2016) ..................5

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) ..................................................6

*Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993) ..........................................................5

*Robles v. City of Fort Wayne*, 113 F.3d 732 (7th Cir. 1997) .........................................6, 7

*Rogers v. Jarrett*, 63 F.4th 971 (5th Cir. 2023) ...............................................................10

*Ross v. Town of Austin, Ind.*, 343 F.3d 915 (7th Cir. 2003) ..............................................8

*Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126 (6th Cir. 2014) ..........................................2

*Smith v. Brenoettsy*, 158 F.3d 908 (5th Cir. 1998) ............................................................8

*Ziglar v. Abbasi*, 582 U.S. 120 (2017) .............................................................................10

**Other Authorities**

Fed. R. Civ. Pro. 56 .........................................................................................................2, 6

5694068v.1

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Tyrone Martin, Demetrius Jackson, Tommy Mercadal, and Leontine Mullins (collectively "HANO Officers") file this reply in further support of their Renewed Motion for Summary Judgment ("Motion") and in response to Plaintiff Bilal Hankins' ("Plaintiff") Opposition. R.Doc. 197. Plaintiff does not and cannot meet his burden to overcome the HANO Officers' qualified immunity. The Opposition fails to engage the arguments of the Motion, ignores relevant case law, misconstrues the holdings of the few cases cited, and misrepresents the evidence elicited in these proceedings. While there remain facts in dispute regarding the stop itself, none of those facts are material to the pending Motion.

Moreover, all of Plaintiff's arguments are conclusory in nature and do not meet his burden to rebut the HANO Officers' qualified immunity. First, Plaintiff does not cite a single case supporting his argument that the HANO Officers have a duty to supervise paid detail work for another entity. In fact, Plaintiff's Opposition is woefully deficient in citing to any applicable law, citing substantively only to the same two inapposite cases referenced in his Opposition to the Original Motion for Summary Judgment. Plaintiff cites more sources in the one paragraph supporting his unavailing argument that this Court should abolish qualified immunity than he does in the rest of his memorandum combined. Plaintiff apparently relies on his argument that there are disputed facts precluding summary judgment but does not cite any law that would support that the asserted disputed facts are material or even relevant to a qualified immunity analysis. Finally, Plaintiff continues to point only to his own incident as evidence of the HANO Officers' alleged failure to supervise, train, or discipline Officer Pierre, which leads to conclusory and circular arguments that are insufficient to overcome qualified immunity. Accordingly, his claims against each of the HANO Officers must be dismissed as a matter of law.

I.   **LAW AND ARGUMENT**

A.   **The HANO Officers are Entitled to Qualified Immunity.**

1.   **Plaintiff Fails to Genuinely Dispute Any Material Facts.**

Plaintiff's Opposition appears confused as to what constitutes a material fact and how to assert a genuine dispute. Factual differences are only material if they would support a reasonable jury finding for the party contesting the summary judgment motion. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Further, the nonmoving party must present specific facts by "citing to particular parts of materials in the record." *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014); *see also* Fed. R. Civ. Pro. 56(c)(1)(A). Plaintiff contends that "there are many genuinely disputed facts at issue that preclude summary judgment " and lists three "disputed facts." R.Doc. 197 at 6-7. Plaintiff first claims "there is a material fact dispute as to whether the HANO Defendants should be and are responsible for Pierre's training while he is working a paid detail." First, the HANO Officers have never disclaimed a duty to train Officer Pierre. Second, whether the HANO Officers have a duty to train Officer Pierre is a matter of law, not fact. Finally, Plaintiff does not brief facts regarding "training while working a paid detail" at all, so the HANO Officers cannot even respond to this alleged "disputed fact" because Plaintiff does not explain his position.

Plaintiff next claims that "there is a material dispute as to whether [the HANO Officers] should be and are responsible for [Officer Pierre's] supervision while working as a representative of HANO on his paid detail." Again, whether the HANO Officers have a duty to supervise paid details is a matter of law, which the HANO Officers briefed fully. Plaintiff fails to show this legal issue is a disputed fact[1] and tellingly does not cite any legal authority in support of his position.

---

[1]   It is unclear whether Plaintiff is asserting that whether Officer Pierre was wearing his uniform at the time of the stop is material to the failure-to-supervise claim. *See* R.Doc. 197 at 8. To the extent Plaintiff asserts this is a material fact precluding summary judgment, it is not in dispute that every person questioned has confirmed that it is the policy of HANO that Officer Pierre

Finally, Plaintiff claims that "there are issues of material fact as to whether [the HANO Officers'] investigation and non-discipline of Pierre was sufficient given his past failure to follow HANO policy." There is no factual dispute about what discipline was imposed or what was done in the course of HANO's investigation after the alleged interaction with Plaintiff. What is disputed is whether liability may be imposed for an alleged failure to discipline *after* the incident, as discussed below. The relevant case law establishes that because the discipline and investigation allegedly in dispute occurred *after* the incident, Plaintiff cannot establish a causal connection. As such, his "disputes" are not material to the qualified immunity analysis.

    **2.    Plaintiff Fails to Establish that the HANO Officers Had Any Duty to Supervise Private Details Much Less Were Deliberately Indifferent in Not Doing So.**

Plaintiff fails to support his claim for failure to supervise with either pertinent facts or law. The HANO Officers do not "simply disclaim" any duty to supervise as Plaintiff suggests. R.Doc. 197 at 13. Rather, the HANO Officers have provided numerous legal authorities in this and other circuits addressing the liability of police departments for the secondary employment of officers. Plaintiff's only response to the multiple cases upholding that there is no duty in law for a police department to supervise paid details is to state that the relevant cases are out-of-circuit and address who is the officer's employer. But Plaintiff does not cite a single opinion in any circuit that supports his position that a police department or its supervisors have a duty to supervise the paid details of an officer. Instead, Plaintiff summarily concludes "[n]or do the HANO Defendants rebut Bilal's showing that they had a duty to supervise Pierre." R.Doc. 197 at 12. Nowhere in his Complaint, Amended Complaint, testimony, or his Opposition does Plaintiff make a "showing" that the HANO

---

    wear his HANO uniform during the detail. But whether Office Pierre was or was not wearing his uniform is immaterial to Plaintiff's alleged constitutional violations and does not establish a causal connection between the actions taken by any HANO Officer and the alleged violations.

Officers had a duty to supervise Officer Pierre's work at Hurstville. Whether the duty to supervise exists is a matter of law, yet Plaintiff utterly fails to cite any law showing that such a duty exists.

Plaintiff also inexplicably attempts to support his claim by (1) citing Officer Pierre's two instances of insubordination over a five-year period and (2) mischaracterizing the opinion of his own expert to assert that "HANO Defendants' conduct was not justified." R.Doc. 197 at 11. However, Plaintiff does not connect these minor instances of insubordination (one year and five years before the incident) to the allegations of the Complaint. Nor does Plaintiff explain (or cite authority showing) how two instances of internal insubordination constitute a pattern or are sufficiently analogous to Plaintiff's complaint to support the Court imposing on the HANO Officers supervisory duties for secondary employment. Indeed, research revealed no case in which a court imposed supervisory liability for an officer's private details in any context. Moreover, Plaintiff's expert does not opine that any HANO Officer had a duty to supervise Officer Pierre's work for Hurstville, as he analyzes only the supervision provided by Carl Perilloux. The expert certainly does not opine that the HANO Officers engaged in any unjustified conduct.

Plaintiff also claims that "case law supports that the HANO Defendants' failure to supervise amounts to deliberate indifference." R.Doc. 197 at 12. But once again, Plaintiff cites only the same two cases from his initial Opposition, neither of which is remotely analogous nor supports a finding of deliberate indifference here. *Ball v. LeBlanc* addresses a court's holding after a bench trial regarding conditions of a prison actually known to the administrators of the prison. 792 F.3d 584 (5th Cir. 2015). The court's opinion does not address supervisory liability, qualified immunity, or a failure to supervise at all. The portion of the holding cited by Plaintiff relates to the court's analysis of an Eighth Amendment claim, which bears no relationship to the single incident exception Plaintiff asks the Court to employ. The other case is a ruling on multiple motions to

dismiss, before any evidence was presented to the court. As appropriate for a motion to dismiss, the issue before the court was whether plaintiff *pleaded* sufficient facts to support a claim of deliberate indifference, not whether the evidence before the court supported such a finding. *Mitchell v. City of New Orleans*, 184 F.Supp.3d 360 (E.D. La. May 2, 2016). And the court dismissed claims against some supervisors because the allegations contained no specificity as to how the supervisor's training or supervision was defective, much like the Plaintiff's assertions here. Regardless, neither case addresses an officer's responsibility to supervise paid detail work.

As detailed in the Motion, all relevant jurisprudence has determined there is no duty on the part of a police department (or its supervisors) to supervise private details and that a department cannot be held liable for damages resulting from that secondary employment. R.Doc. 192-1 at 11-14. Plaintiff does not refute any of these cases and, further, does not address that it was objectively reasonable for the HANO Officers to rely on the law when determining they had no duty to supervise Officer Pierre's work at Hurstville. To overcome qualified immunity, Plaintiff must demonstrate that it "was clearly established that a supervisor would be liable for constitutional violations perpetrated by his subordinates in that context." *Camilo-Robles v. Hoyos*, 151 F.3d 1, 6 (1st Cir. 1998) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 456 (5th Cir. 1994)). Plaintiff does not even attempt to do so. As detailed in the Motion, the HANO Officers' determination that they had no specific duty to supervise Officer Pierre during an off-duty detail is objectively reasonable. *See Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993). Thus, Plaintiff cannot establish that any of the HANO Officers acted with deliberate indifference with regard to supervising Officer Pierre, and the claim for failure to supervise must be dismissed.

    **3.**    **Plaintiff Fails to Establish that Officer Pierre Was Inadequately Trained or that the HANO Officers were Deliberately Indifferent to the Need to Train.**

To establish deliberate indifference to train a police officer, a "plaintiff must generally

demonstrate that the municipality or supervisor had notice of a pattern of prior acts 'fairly similar to what ultimately transpired.'" *Lewis v. Pugh*, 289 Fed. Appx. 767, 772 (5th Cir. 2008) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). Plaintiff finds this standard inconvenient, ignores the legal precedent, and instead asks the Court to apply the single incident exception, which may apply when there is no training whatsoever. Yet Plaintiff does not cite to facts or law that support the application of the exception here (particularly given that Plaintiff acknowledges that Officer Pierre has received training).

It is undisputed that Officer Pierre received all training required of Louisiana police officers[2] and additional training while working for HANO.[3] Plaintiff's purported disputes as to these facts are not genuine, as Plaintiff does not point to any evidence contrary to the testimony of Officer Pierre, Lieutenant Martin, or state records. There is nothing in the record that establishes the training was inadequate, nor does Plaintiff raise an actual factual dispute regarding its adequacy.[4] *See Pineda v. City of Houston*, 291 F.3d 325, 332-333 (5th Cir. 2002) (holding plaintiff

---

[2] Uncontested Material Fact No. 27. Plaintiff allegedly disputes whether Officer Pierre's certification is current. However, Plaintiff merely poses questions without citation to the record as required by Rule 56, which does not constitute a genuine dispute.

[3] Uncontested Material Fact No. 28. Plaintiff now claims the training records do not show that Officer Pierre met his annual training requirements in all years that he worked at HANO. Lieutenant Martin provided a declaration stating that Officer Pierre had met all training requirements for every year, which is not disputed by Plaintiff. The records available date back to 2015. Any attempt to dispute whether Officer Pierre met additional training requirements more than five years before the alleged incident is immaterial to the issues before the Court.

[4] Plaintiff's "list of material facts at issue," as discussed at page 2, indicates that "there is a material fact dispute as to whether the HANO Defendants should be and are responsible for Pierre's training while he is working a paid detail." However, the Seventh Circuit Court of Appeals rejected a similar argument. In *Robles v. City of Fort Wayne*, the Plaintiff argued that because constitutional violations occurred while the officer was working off duty as a private security guard, the city had failed to adequately train the officer for such off-duty work. 113 F.3d 732, 736 (7th Cir. 1997). The court noted that it found the argument somewhat puzzling as the same constitutional standards would apply to the officer's actions whether working for the police department or in off-duty security work. *Id.* at 737. The court noted that the failure to provide additional training would only rise to the level of deliberate indifference if the city

did not create a material issue of fact that police officers were untrained in the 4th Amendment, noting "we think ignorance of such basic rules is most unlikely."). While Plaintiff suggests that Officer Pierre did not receive training on specific topics in the year of the stop, he makes no showing that any law requires training on a specific topic within the year of the event at issue to support qualified immunity. Instead, Plaintiff merely assumes that because he has alleged a violation of constitutional rights, the training with regard to those rights must be deficient.

Moreover, what additional training Plaintiff claims Officer Pierre may have needed is ever-changing. The Complaint did not allege that Officer Pierre was not trained on the issues of "racial profiling, reasonable suspicion, or what constitutes a valid and legal stop." R.Doc. 197 at 13. The allegation regarding training on racial profiling first appeared in Plaintiff's Opposition to the Original Motion, and the allegations regarding training on reasonable suspicion and "valid and legal stop" are raised for the first time in the current Opposition. Plaintiff had full opportunity to explore this issue in discovery. As noted in the Motion, Officer Pierre testified he received training in racial profiling and stops.[5] Plaintiff did not seek further detail about his training. Plaintiff's attempt to "dispute" record evidence is based on his own ignorance of what courses identified in the training records covered and his failure to question anyone about those courses. He does not point to any evidence in the record that contradicts Officer Pierre's testimony.

Further, there is no evidence that Officer Pierre engaged in a pattern of unreasonable seizures or excessive force or had any history of complaints to indicate a need for additional

---

"was aware of a series of constitutional violations occurring while its police officers were performing off-duty security work." *Id.* Here, it is undisputed that there had been no complaints of any officer's conduct in connection with the Hurstville patrol. Uncontested Material Fact No. 13.

[5]  Uncontested Material Fact No. 30. Lieutenant Martin also confirmed in his declaration that the training received by Officer Piere included training on use of force and search and seizure, which includes traffic stops. Exhibit G, Declaration of Tyrone Martin at ¶ 16.

training in these areas.[6] Rather, Plaintiff asserts vaguely that there were "complaints" and makes the same mischaracterization anticipated by the HANO Officers. The Motion noted that Plaintiff "offers no information with regard to" the who, what, when, where and why of the alleged complaints. R.Doc. 192-1 at 9. Yet, Plaintiff's Opposition makes the same argument again with no additional information that would create a *genuinely disputed* issue of material fact.

Finally, in order to support his cause of action, Plaintiff must establish that the alleged failure to train amounts to deliberate indifference. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 381 (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)). Here, even accepting Plaintiff's bare allegation that Officer Pierre received "complaints" regarding stops (without any specificity as to the nature of any complaint), Plaintiff must establish that the HANO Officers were aware of those complaints. It is undisputed that the HANO Officers were not aware of any prior complaints that would support a need for additional training onp "stops."[7] For all of the reasons detailed above, Plaintiff cannot overcome the HANO Officer's qualified immunity for failure to train.

### 4. Plaintiff Does Not Establish that the HANO Officers Failed to Discipline Officer Pierre or were Deliberately Indifferent to a Need to Discipline.

There is no material fact in dispute regarding the discipline before, or stemming from,

---

[6] Of note, Plaintiff has not asserted that POST certification training is deficient in these areas. Any attempt to require HANO to exceed training standards established by state law through litigation would "usurp[] the policy-making authority of state legislators." *See Ross v. Town of Austin, Ind.*, 343 F.3d 915, 918 (7th Cir. 2003).

[7] Uncontested Material Fact Nos. 13-26. *See* R.Doc. 197-1 at 4-7. Due to the lack of detail regarding even a single complaint, Plaintiff cannot show that any was sufficiently analogous to his complaint to have triggered any need for additional training.

HANO's investigation into Plaintiff's complaint that could preclude summary judgment. First, Plaintiff does not point to any evidence that HANO Officers failed to discipline Officer Pierre (or any other HANO officer) prior to the June 13, 2020 stop; thus there are no disputes about "before-the-incident discipline." Plaintiff attempts to create a fact issue by (1) asserting that the after-the-fact discipline was inadequate,[8] (2) claiming that the after-the-fact investigation was conclusory, and (3) relying on his own speculation (unsupported by any evidence in the record) that Officer Pierre "knew" he "would not face any discipline for constitutional violations."[9] None of these "disputed facts" preclude summary judgment.

The issue of law before the court is whether the alleged discipline or lack thereof was a "moving force" behind the alleged constitutional violations for which the HANO Officers can be liable. It is well-established that an alleged failure to discipline *following* the plaintiff's complaint of an alleged incident cannot be the cause of the alleged incident. *See Berry v. McLemore*, 670 F.2d 30, 33 (5th Cir. 1982) (overturned on other grounds). Plaintiff does not dispute the law on this point and cites no cases supporting his claim that an alleged failure to discipline *after* an alleged violation is causally connected or establishes deliberate indifference. Instead, Plaintiff claims that the HANO Officers were "not aware" of Officer Pierre's conduct—but does not articulate any unlawful conduct of which they should have been aware but were not. Plaintiff entirely ignores the rule that after-the-fact investigations do not support a cause of action. He does not establish there was ever a failure to discipline, much less substantiate deliberate indifference

---

[8] Plaintiff asserts the HANO Officers "failed to discipline Pierre," but it is undisputed that Officer Pierre was not permitted to work private security detail during the course of the investigation. *See* R.Doc. 197-1 at 7, Undisputed Material Fact No. 32. Plaintiff cannot misstate facts to avoid summary judgment.

[9] The HANO Officers' cited this same language that appeared in Plaintiff's Opposition to the Original Motion for Summary Judgment, noting that it was speculative in nature. Rather than attempt to support his speculation, Plaintiff merely repeats it in his current Opposition.

on the part of any HANO Officer in order to overcome their qualified immunity.

### B. Qualified Immunity is Settled Law.

Plaintiff's three sentence argument that this Court should abolish qualified immunity is based on a theoretical discussion taking place in the law community, primarily among academics. Plaintiff asks this Court to abrogate precedent and ignore the *stare decisis* decisions of this the Fifth Circuit and the United States Supreme Court. Even in the opinion cited by Plaintiff in support of his position, Judge Willett recognized that qualified immunity is the law of the land and the controlling precedent in the Fifth Circuit. *See Rogers v. Jarrett*, 63 F.4th 971, 979 (5th Cir. 2023) ("Today's decision upholding qualified immunity is compelled by our controlling precedent.") (J. Willett, concurring). Due to settled, controlling precedent, this court need not and should not address the merits of Plaintiff's argument to abolish qualified immunity.

Furthermore, even if the Court were inclined to reconsider the application of qualified immunity, this is not the case in which to do so. Plaintiff points the Court to a dissenting opinion of Justice Thomas, who states that the Supreme Court should reconsider the doctrine of qualified immunity in an appropriate case. *See Ziglar v. Abbasi*, 582 U.S. 120, 160 (2017). This is not an appropriate case. At most, this matter involves a traffic stop that lasted less than five minutes, in which Plaintiff was not ordered to get out of the vehicle, there was no physical injury, and there was no direct contact between Plaintiff and the officers. The officers bringing the pending Motion were not present on the scene of the interaction. The facts, even as presented by the Complaint, do not rise to the level that would warrant abolishing the doctrine of qualified immunity. For that reason alone, the Court should reject Plaintiff's invitation to do so.

## II. CONCLUSION

For the reasons cited herein and in the Motion, the Court should hold that the HANO Officers are entitled to qualified immunity and dismiss all of Plaintiff's claims against them.

                          Respectfully submitted,

                          */s/ Maggie A. Broussard*
                        Rachel W. Wisdom, La. Bar No. 21167
                        Heather S. Lonian, La. Bar No. 29956
                        Maggie A. Broussard, La Bar No. 33033
                            Of
                        Stone Pigman Walther Wittmann, L.L.C.
                        909 Poydras Street, Suite 3150
                        New Orleans, Louisiana 70112-4042
                        Telephone: (504) 581-3200
                        Facsimile: (504) 581-3361
                        Email: rwisdom@stonepigman.com
                                  hlonian@stonepigman.com
                                  mbroussard@stonepigman.com

                        *Attorneys for Defendants Tyrone Martin, Demetrius Jackson, Tommy Mercadal, and Leontine Mullins*

5694068v.1