UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILAL HANKINS | CIVIL ACTION NO.: 2:21-cv-001129 |
| VERSUS | JUDGE: ELDON E. FALLON |
| KEVIN WHEELER, RAMON PIERRE, CARL PERILLOUX, KERRY NAJOLIA, THE HOUSING AUTHORITY OF NEW ORLEANS, THE HURSTVILLE SECURITY AND NEIGHBORHOOD IMPROVEMENT DISTRICT, THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST, LAKEFRONT MANAGEMENT AUTHORITY, MICHAEL BRENCKLE, DARNELL LAURENT, THADDEUS PETIT, JAMEL BROWN, TYRONE MARTIN, DEMETRIUS JACKSON, TOMMY MERCADAL, LEONTINE MULLINS, and DOE INSURANCE COMPANIES 1-6 | MAGISTRATE JUDGE: JANIS VAN MEERVELD |

**DEFENDANTS' BRIEF ON SCOPE OF DISCOVERY AND SCHEDULING ORDER**

**NOW INTO COURT,** through undersigned counsel, come defendants, Hurstville Security and Neighborhood Improvement District ("Hurstville"), Kevin Wheeler, Ramon Pierre and Carl Perilloux (hereinafter collectively referred to as the "Hurstville Defendants"); and Southeast Louisiana Flood Protection Authority-East, Orleans Levee District Police, Kerry Najolia, Michael Brenckle, Darnell Laurent, Thaddeus Petit and Jamel Brown (collectively the "SLFPA-E Defendants"), who in response to this Court's Order set forth in R. Doc. 208, respectfully, submits the following.

As this Court is aware, the United States Fifth Circuit Court of Appeal found issues of material fact precluded summary judgment as to whether there was a Constitutionally permissible stop of the vehicle, occupied by plaintiff, vacated summary judgment on the

other federal claims and did so with the statement that, "…so that the district court may address them on remand."[1]

In *Harlow v. Fitzgerald*, 457 U.S. 800, 817, the Court discussed the purposes of qualified immunity and found that its application should be resolved at the earliest possible stage of the litigation, since one of the purposes is to protect public officials from "broad-ranging discovery" that can be "peculiarly disruptive of effective government." In *Anderson v. Creighton*, 483 U.S. 635, 646 at n.6, 1987, the Supreme Court reiterated the necessity that qualified immunity claims be resolved at their earliest possible stage of litigation, writing as follows:

> Thus, on remand, it should first be determined whether the actions the Creightons allege Anderson to have taken are actions that a reasonable officer could have believed lawful. If they are, then Anderson is entitled to dismissal prior to discovery. If they are not and if the actions Anderson claims he took are different from those the Creightons allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. **Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity.**

*Id.* (Emphasis added).

Thus, United States Supreme Court jurisprudence instructs that where a district court has found that there are allegations to state a claim under §1983, if taken as true, and such allegations are denied, fact discovery is appropriate *where limited to the actions taken by the officer*. Further, it has been well established in the Fifth Circuit that district courts should issue discovery orders narrowly tailored to discover only those facts needed

---

[1] Fifth Circuit Court of Appeal, R. Doc. 85-1 at p. 20.

to make a ruling on qualified immunity. *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5 Cir. 1987).

More recently, in *Carswell v. Camp*, 54 F.4th 307 (5 Cir. 2022), the Court, quoting *Pearson v. Callahan*, 555 U.S. 223, 237 (2009), stated, "It's also an immunity from suit. One of the most important benefits of qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming and intrusive." *Carswell*, 54 F.3d at 310 (citation and internal quotation marks omitted). It is clear that the Court should issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.

Further, as this Court has already pointed out, a favorable disposition on any of the Constitutional claims brought as against Officers Wheeler and Pierre (the officers directly involved in the encounter with plaintiff Mr. Hankins), could dispose of all of plaintiff's remaining federal claims against any other defendants, whether individual supervisory officers or entity defendants sued under *Monell*. It is well stated in law that, "Without an underlying Constitutional violation…there can be no supervisory liability." *Perniciaro v. Lea*, 901 F.3d 241, 259 (5 Cir. 2018). The same is true of *Monell* claims for policies, patterns or practices that result in Constitutional violations. *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5 Cir. 2017)("As is well established, every *Monell* claim requires an underlying Constitutional violation."). A municipality cannot be held liable when its employee did not violate the Constitution. *Malbrough v. Stelly*, 814 Fed.Appx. 798, 806 (5 Cir. 2020)(citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)).

In the present case, without an adjudication of the qualified immunity of Officers Wheeler and Pierre, plaintiff nonetheless has demands for broad, far-reaching discovery. Plaintiff presently requests the following supervisory defendants' depositions:

1. Kerry Najolia
2. Michael Brenckle
3. Darnell Laurent
4. Thaddeus Petit
5. Jamel Brown

In addition, plaintiff makes demand for written discovery including extensive Requests for Production of Documents to the Southeast Louisiana Flood Protection Authority-East, which is only sued in its capacity as a *Monell* defendant. Plaintiff also seeks certain Interrogatory responses of the aforementioned supervisory individual defendants to the extent that any objections were lodged based on qualified immunity. Plaintiff's argument is that the decision of the Fifth Circuit previously referenced allows plaintiff broad, unlimited discovery in this circumstance and that any limitation of qualified immunity as to the supervisory defendants does not apply.

Therefore, respectfully, these defendants would propose the following modified scheduling order:

1. A deadline to complete any fact discovery relative to the qualified immunity defense of Officers Wheeler and Pierre;
2. A motion practice deadline as to whether this Court will consider any expert evidence as to any of the Constitutional claims as against Officers Wheeler and Pierre and the application of same to their qualified immunity defense;

3. To the extent such experts are allowed, a period of time to complete expert discovery as to the expert opinions on the qualified immunity defense of Officers Wheeler and Pierre;

4. A bifurcated trial as to the claims of Constitutional violations as against Officers Wheeler and Pierre;

5. To the extent there is a finding of a Constitutional violation by Officers Wheeler and Pierre in the context of a bifurcated trial, then discovery could proceed as to any supervisory and/or *Monell* claims and, after any necessary motion practice, a trial could be conducted as to all remaining facets of the case, including any damages claims of the plaintiff.

## CONCLUSION

For the foregoing reasons, adjudication of the qualified immunity defense of Officers Wheeler and Pierre must come first. With respect, a favorable disposition to Officers Wheeler and Pierre on the defense of qualified immunity could very well eliminate any further discovery, motion practice or trial as to any remaining defendants. Such a procedure would be in keeping with the guidance of the federal law previously cited herein.

[Signature and Certificate of Service on following page]

Respectfully submitted,

**s/ Mark E. Hanna**
MARK E. HANNA (#19336)
TREVOR M. CUTAIAR (#33082)
JOHN M. ZAZULAK (#38452)
MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
Email: mhanna@mblb.com
tcutaiar@mblb.com
jzazulak@mblb.com

*Attorneys for Hurstville Security and Neighborhood Improvement District, Kevin Wheeler, Ramon Pierre and Carl Perilloux; and Southeast Louisiana Flood Protection Authority-East, Orleans Levee District Police, Kerry Najolia, Michael Brenckle, Darnell Laurent, Thaddeus Petit and Jamel Brown*

### CERTIFICATE OF SERVICE

    I hereby certify that on November 14, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

**s/ Mark E. Hanna**

6