UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILAL HANKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1129** |
| **KEVIN WHEELER ET AL** | **SECTION "L"(1)** |

### ORDER AND REASONS

At the Status Conference on November 8, 2024, the Court addressed two issues with parties. First, the Court raised the possibility of bifurcating the claims against Officer Kevin Wheeler and Officer Ramon Pierre for trial prior to taking up the claims against the supervisors and enforcement entities. Second, the Court discussed whether the parties should still be limited to discovery on the defense of qualified immunity in light of the Fifth Circuit's decision that reversed this Court's Order granting the Defendants' motion for summary judgment. The parties were ordered to submit briefing on these issues. R. Doc. 208. There is currently no motion before the Court, but this Order sets out the Court's position on whether to bifurcate trial and the current scope of discovery.

I.     BACKGROUND

This civil rights case arises out of a traffic stop whereby law enforcement officers working a part-time private security detail in Uptown New Orleans allegedly committed constitutional violations against the Plaintiff. R. Doc. 1. Plaintiff brought federal constitutional claims against Officer Kevin Wheeler and Officer Ramon Pierre who conducted the stop; *Monell* claims against the private security company that the officers were working for at the time of the stop as well as each officer's full-time employers; and supervisory claims against each of the officers' supervisors. Additionally, Plaintiff alleged various state law claims, such as negligent infliction of

1

emotional distress and negligent hiring. After limiting discovery to the issue of qualified immunity, this Court found that there was no question of material fact as to whether there was an underlying constitutional violation of either Plaintiff's right to be free from an unlawful seizure or his right to be free from excessive, unlawful force under the Fourth and Fourteenth Amendments. R. Doc. 176. Accordingly, the Court granted summary judgment to the Defendants on all federal constitutional claims because each relied upon an underlying constitutional violation and dismissed all state law claims for lack of jurisdiction. *Id.*

However, on appeal, the Fifth Circuit reversed this Court's ruling and remanded the case for further proceedings. *Hankins v. Wheeler*, 109 F.4th 839 (5th Cir. 2024). The circuit held that "material fact disputes" existed as to whether the officers had reasonable suspicion of criminal activity, which precluded a summary judgment finding on both Plaintiff's unreasonable seizure and excessive force claims. *Id.* at 846. Effectively, the Circuit's holding requires a jury to determine whether an underlying constitutional violation occurred and whether Officer Wheeler and Officer Pierre are protected by a defense of qualified immunity. Since the Circuit's decision was issued, Officer Pierre's supervisors at the Housing Authority of New Orleans have filed a motion for summary judgment on the basis of qualified immunity, which remains pending. R. Doc. 192.

## II.   POSITIONS OF THE PARTIES

All parties complied with this Court's order and provided briefing after the November 7 status conference. R. Docs. 210, 211, 212. On the issue of bifurcation, Plaintiff wishes to proceed with trial on all claims against all Defendants, noting that it would be "extraordinarily inefficient to have trial on just the issue of seizure." R. Doc. 211 at 1. The Hurstville Security and Neighborhood Improvement District, Officer Kevin Wheeler, Officer Ramon Pierre, and Carl

2

Perilloux (the "Hurstville Defendants"); and Southeast Louisiana Flood Protection Authority-East, Orleans Levee District Police, Kerry Najolia, Michael Brenckle, Darnell Laurent, Thaddeus Petit, and Jamel Brown (the "SLFPA-E Defendants") take the opposite position. R. Doc. 210. They argue that the constitutional claims brought against Officer Wheeler and Officer Pierre should be bifurcated because a favorable disposition on these claims "could dispose of all of [P]laintiff's remaining federal claims against any other [D]efendants, whether individual supervisory officers or entity [D]efendants sued under *Monell*." *Id.* at 3. The Housing Authority of New Orleans, Tyrone Martin, Demetrius Jackson, Tommy Mercadal, and Leontine Mullins (the "HANO Defendants") state that "bifurcation of the claims against the officers on the scene may ultimately be the most efficient method of addressing Plaintiff's claims." R. Doc. 212 at 1.

The scope of discovery issue is more complex. Plaintiff wishes to proceed with discovery on his *Monell* and supervisory claims against the SLFPA-E Defendants. He agrees that this discovery should be limited to qualified immunity as to these parties. However, he argues that the SLFPA-E Defendants refuse to engage in any discovery at all, such as answering requests for production or participating in depositions. *Id.* Plaintiff thus requests a court order permitting additional discovery within the bounds of qualified immunity as to all parties. *Id.* at 2. In opposition, the SLFPA-E Defendants point to Supreme Court case law requiring qualified immunity claims be resolved at the earliest possible stage of litigation. R. Doc. 210 at 2-3. Therefore, they assert that Officer Wheeler and Officer Pierre's qualified immunity defense should be determined first, and that this Court should issue a discovery order "narrowly tailored to discover only those facts needed" to decide this issue. *Id.* The HANO Defendants do not take a position on this discovery dispute but simply request that the Court not defer a ruling on their pending motion for summary judgment. R. Doc. 212.

3

### III.     LAW AND ANALYSIS

#### A.   The Court Will Not Bifurcate Trial

The Court first considers whether to bifurcate Plaintiff's claims asserted against Officer Wheeler and Officer Pierre from the *Monell* and supervisory claims asserted against the supervisors and entities. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision to bifurcate is a matter within the sole discretion of the trial court and will not be reversed absent an abuse of that discretion. *See First Texas Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992). Here, whether an underlying constitutional violation occurred in the present case is dependent upon whether the officers had reasonable suspicion to make the stop, which the Fifth Circuit has concluded is shrouded in facts and must be decided by a jury. If the Court were to bifurcate Plaintiff's claims into two separate trials, the trial against the officers present at the scene would proceed first, and the jury would necessarily have to make a finding as to the existence of a constitutional violation to reach a verdict. The first jury's finding on the existence of a constitutional violation would then presumably inform the second jury's decision in the trial against the supervisors and entities. However, this approach becomes problematic when one considers how inextricably intertwined Plaintiff's claims are with one another. For instance, bifurcation will require the parties here to put forth the same evidence establishing a constitutional violation at both trials: at the first to assess the reasonableness of the officers' actions and at the second to assess the supervisors' and entities' culpability for the actions taken by those same officers. The duplication of this evidence required at both trials indicates the inefficiency of this approach and militates in favor of trying these claims together. Additionally, the Court is concerned that bifurcation in this case may result in undue

prejudice. Two different juries analyzing essentially the same evidence in slightly different contexts could breed confusion and result in key differences of interpretation regarding the facts of the case. Accordingly, the Court finds that the more prudent approach is to try these issues all at once before a single jury to avoid the waste of judicial resources and prejudice to the parties.

### B. SLFPA-E Defendants Must Participate in Discovery Related to Qualified Immunity in the Context of Plaintiff's *Monell* and Supervisory Claims

The Court next considers the scope of discovery in this matter. In *Carswell v. Camp*, the Fifth Circuit held that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." 54 F.4th 307, 312 (5th Cr. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)). To facilitate such quick resolutions, the court defined two situations whereby discovery must be limited on the basis of a qualified immunity defense. *Id.* First, when a defendant asserts a qualified immunity defense at the motion-to-dismiss stage, the district court must stay all discovery and rule on the defendant's motion before allowing further discovery to proceed. *Id.* Second, once the case has passed the motion-to-dismiss stage, a defendant may "move the district court for discovery limited to the factual disputes relevant to whether [qualified immunity] applies, then reassert [qualified immunity] in a summary judgment motion." *Id.*

The SLFPA-E Defendants argue that the Fifth Circuit's decision in *Carswell* stands for the proposition that Officer Wheeler and Officer Pierre's qualified immunity defense must be conclusively decided before they are required to answer any discovery at all. But *Carswell* has nothing to say about whether an officer's qualified immunity defense must be decided before discovery as to an entity or supervisor's qualified immunity defense can be conducted. Rather, it merely holds that a defendant's qualified immunity defense must be discovered and dealt with before other issues as to that defendant's liability are addressed. That is all that Plaintiff is

5

requesting here: that the Court open discovery as to the SLFPA-E Defendants' qualified immunity defense. After this qualified immunity discovery is complete, the SLFPA-E Defendants may then move for summary judgment as contemplated by the second situation identified in *Carswell*.

Simply put, deciding the officers' qualified immunity defense is not a prerequisite to discovery pertaining to the supervisors' qualified immunity defenses. The Court refuses to sanction an interpretation of *Carswell* that would free the SLFPA-E Defendants who are supervisors and entities in this case entirely from the burden of discovery, given the circuit clearly contemplated at least some discovery as to qualified immunity going forward. Plaintiff's requests are hardly "broad" or "far-reaching" and appear to mirror similar discovery requests made of the HANO Defendants, which were answered without protest and ultimately resolved between the parties. Accordingly, the Court now advises that standard discovery should continue in earnest; any discovery related to Plaintiff's *Monell* and supervisory claims already propounded is subject to ordinary response deadlines and will be enforced by the Court as appropriate.

### IV.  CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that this Court will not bifurcate Plaintiff's claims against Officer Wheeler and Pierre from his *Monell* and supervisory claims.

**IT IS FURTHER ORDERED** that the parties continue with discovery regarding Plaintiff's *Monell* and supervisory claims within the bounds of qualified immunity. The SLFPA-E Defendants shall comply with Plaintiff's discovery requests and submit the supervisors in question for deposition.

New Orleans, Louisiana, this 27th day of November, 2024.

                                                                    United States District Judge