UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILAL HANKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1129** |
| **KEVIN WHEELER ET AL** | **SECTION "L"(1)** |

## ORDER AND REASONS

Pending before the Court is a Motion to Bifurcate Trial filed Plaintiff Bilal Hankins. R. Doc. 240. The Housing Authority of New Orleans, Tyrone Martin, Demetrius Jackson, Tommy Mercadal, and Leontine Mullins (the "HANO Defendants") oppose the motion. R. Doc. 242. Defendants Hurstville Security and Neighborhood Improvement District, Officer Kevin Wheeler, Officer Ramon Pierre, and Carl Perilloux (the "Hurstville Defendants"); and Southeast Louisiana Flood Protection Authority-East, Orleans Levee District Police, Kerry Najolia, Michael Brenckle, Darnell Laurent, Thaddeus Petit, and Jamel Brown (the "SLFPA-E Defendants") also oppose the motion. R. Doc. 243. After considering the record, briefing, and applicable law, the Court now rules as follows.

I.    **BACKGROUND**

This civil rights case arises out of a traffic stop whereby law enforcement officers working a part-time private security detail in Uptown New Orleans allegedly committed constitutional violations against the Plaintiff. R. Doc. 1. Plaintiff brought federal constitutional claims against Officer Kevin Wheeler and Officer Ramon Pierre who conducted the stop; *Monell* claims against the private security company that the officers were working for at the time of the stop as well as each officer's full-time employers; and supervisory claims against each of the officers' supervisors. *Id.* Additionally, Plaintiff alleged various state law claims, such as negligent infliction

1

of emotional distress and negligent hiring. *Id.* After limiting discovery to the issue of qualified immunity, this Court found that there was no question of material fact as to whether there was an underlying constitutional violation of either Plaintiff's right to be free from an unlawful seizure or his right to be free from excessive, unlawful force under the Fourth and Fourteenth Amendments. R. Doc. 176. Accordingly, the Court granted summary judgment to Defendants on all federal constitutional claims because each relied upon an underlying constitutional violation and dismissed all state law claims for lack of jurisdiction. *Id.*

However, the Fifth Circuit reversed this Court's ruling on appeal and remanded the case for further proceedings. *Hankins v. Wheeler*, 109 F.4th 839 (5th Cir. 2024). The Circuit held that "material fact disputes" existed as to whether the officers had reasonable suspicion of criminal activity, which precluded a summary judgment finding on both Plaintiff's unreasonable seizure and excessive force claims. *Id.* at 846. Effectively, the Circuit's holding requires a jury to determine whether an underlying constitutional violation occurred and whether Officer Wheeler and Officer Pierre are protected by a defense of qualified immunity. Since the Circuit's decision was issued, this Court granted the HANO Defendants' motion for summary judgment seeking dismissal of Plaintiff's supervisory claims against them. R. Doc. 218. Plaintiff has now appealed that order as well, which remains pending before the Circuit. R. Doc. 232.

In the present motion, Plaintiff requests that this Court: (1) "allow the claims against Officer Wheeler and Officer Pierre to proceed on the currently set July 14, 2025 trial date," and (2) "stay the trial against the Supervisor Defendants and Entity Defendants pending the resolution of the Fifth Circuit appeal." R. Doc. 240-1. The Defendants oppose the motion. R. Doc. 241; R. Doc. 242. They argue such a bifurcation of the trial would carry a significant risk of inconsistent results and unduly prejudice the Supervisor Defendants and Entity Defendants. *Id.*

## II.    LAW & ANALYSIS

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision to bifurcate is a matter within the sole discretion of the trial court and will not be reversed absent an abuse of that discretion. *See First Texas Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992). Here, the Hurstville and SLFPA-E Defendants have already moved the Court to bifurcate this matter, which Plaintiff opposed. R. Doc. 210. Notably, Plaintiff has now changed his position and submits a similar request for bifurcation in order to proceed with his claims against Officer Wheeler and Officer Pierre. R. Doc. 240. This Court, however, has already expressly declined the invitation to bifurcate this matter, noting:

> [W]hether an underlying constitutional violation occurred in the present case is dependent upon whether the officers had reasonable suspicion to make the stop, which the Fifth Circuit has concluded is shrouded in facts and must be decided by a jury. If the Court were to bifurcate Plaintiff's claims into two separate trials, the trial against the officers present at the scene would proceed first, and the jury would necessarily have to make a finding as to the existence of a constitutional violation to reach a verdict. The first jury's finding on the existence of a constitutional violation would then presumably inform the second jury's decision in the trial against the supervisors and entities. However, this approach becomes problematic when one considers how inextricably intertwined Plaintiff's claims are with one another. For instance, bifurcation will require the parties here to put forth the same evidence establishing a constitutional violation at both trials: at the first to assess the reasonableness of the officers' actions and at the second to assess the supervisors' and entities' culpability for the actions taken by those same officers.
>
> The duplication of this evidence required at both trials indicates the inefficiency of this approach and militates in favor of trying these claims together. Additionally, the Court is concerned that bifurcation in this case may result in undue prejudice. Two different juries analyzing essentially the same evidence in slightly different contexts could breed confusion and result in key differences of

> interpretation regarding the facts of the case. Accordingly, the Court finds that the more prudent approach is to try these issues all at once before a single jury to avoid the waste of judicial resources and prejudice to the parties.

R. Doc. 213.

Although the Court is sympathetic to Plaintiff's concerns regarding a further delay of trial due to his own appeal, it will not depart from its prior reasoning noted above. The potential for undue prejudice to the Supervisor and Entity Defendants as well as the duplication of evidence is simply far too great to allow bifurcation of Plaintiff's claims. Moreover, the Court has already considered Plaintiff's suggestion that the parties could stipulate to relevant, binding determinations from the first trial in order to avoid prejudice and duplicity. Such an approach, however, inheres too much risk because the exact language of these stipulations will likely be heavily debated between the parties and subject to interpretation, which the Court finds could cause further delay and inefficiency during the second trial.

### III.   CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Bifurcate, R. Doc. 240, is **DENIED** with prejudice. This Court will not bifurcate Plaintiff's claims against Officer Wheeler and Pierre from his *Monell* and supervisory claims.

New Orleans, Louisiana, this 28th day of April, 2024.

_____
United States District Judge

4