**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BILAL HANKINS** | * | **CIVIL ACTION NO. 21-1129** |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | * | |
| | | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |
| **KEVIN WHEELER, ET AL.** | | |

* * * * * * * *

**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a) filed by Defendants Southeast Louisiana Flood Protection Authority-East ("SLFPA-E") and Hurstville Security and Neighborhood Improvement District ("Hurstville"). R. Doc. 322. Plaintiff Bilal Hankins opposes the motion, R. Doc. 331, and Defendants filed a reply memorandum in its support, R. Doc. 334. Having heard the parties at oral argument and having considered the briefing in light of the applicable law and record facts, the Court will GRANT IN PART and DENY IN PART Defendants' Motion for the following reasons.

## I. BACKGROUND AND PRESENT MOTION

The Court has outlined the facts underlying this action in several previous orders and will thus enumerate here only the facts relevant to the present motion. This matter arises from alleged constitutional violations that occurred during an investigatory stop by law enforcement officers. On the evening of June 13, 2020, Officers Kevin Wheeler and Ramon Pierre were working a paid private security detail for the Hurstville Security District ("Hurstville"). R. Doc. 22 at 4. At the time, Officer Wheeler was primarily employed by the Orleans Levee District, overseen by the

Southeast Louisiana Flood Protection Authority-East ("SLFPA-E") and Officer Pierre was primarily employed by the Housing Authority of New Orleans ("HANO"). *Id.*

Hankins contends that, after an acquaintance lost her dog, he and several friends were driving around a New Orleans neighborhood searching for it at approximately one o'clock in the morning. *Id.* at 2. During their search, they briefly encountered Officer Wheeler and asked him if he had seen a dog. *Id.* Suspicious of Hankin and his companions' activities in the neighborhood and explanation of their presence during the early morning hours, Officer Wheeler ran the vehicle's license plate and learned that it was registered to a woman who lived approximately fifteen miles away. *Id.* Officer Wheeler then contacted Officer Pierre and the two officers conducted an investigatory stop of the vehicle. *Id.* Although the parties dispute the details of the encounter, they agree that the stop lasted approximately four minutes and Hankins was not asked to exit the vehicle.

Hankins subsequently filed suit in the United States District Court for the Eastern District of Louisiana against Officer Wheeler, Officer Pierre, Hurstville, SLFPA-E, HANO, and the supervisors employed by those agencies who allegedly bore the responsibility for supervising and training Officers Wheeler and Pierre, among other parties. The HANO supervisors moved for summary judgment, which this Court granted. R. Doc. 218. The Fifth Circuit affirmed that ruling. R. Doc. 279. With the case having returned to this Court, HANO itself moved for summary judgment as to Hankins's claims against it, which the Court also granted. R. Doc. 316. SLFPA-E and Hurstville now ask the Court to grant summary judgment in their favor as to Hankins's claims against them as well, arguing those claims fail for the same or similar reasons as Hankins's claims against the HANO. R. Doc. 322-1.

As is relevant to the instant Motion, Hankins asserts Monell claims against SLFPA-E and Hurstville, alleging that their policies, patterns, or practices subjected Hankins to excessive force and unreasonable search based on alleged failures train, supervise, and discipline Officer Wheeler (as to SLFPA-E and Hurstville) and Officer Pierre (as to Hurstville). R. Doc. 22 at 28–30. In the Motion for Summary Judgment, SLFPA-E and Hurstville argue that Hankins cannot establish that (1) any policy, pattern, or practice of theirs violated his constitutional rights, or (2) SLFPA-E or Hurstville acted with deliberate indifference in training, supervising, or disciplining either officer. In opposition, Hankins argues that genuine issues of material fact preclude the entry of summary judgment in favor of Defendants. R. Doc. 329.

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id. "*The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *King v. Goebel*, No. CIV.A. 10-2708, 2012 WL 6482783 (E.D. La. Dec. 13, 2012) (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must resolve any factual controversies in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (5th Cir. 1994).

## III. DISCUSSION

In order to impose liability upon a government entity for a constitutional violation under § 1983, a plaintiff must identify: (1) a policymaker; (2) an official policy or custom; and (3) a constitutional violation for which the policy or custom was the moving force. *Monell v. Dep't of Soc. Serv.*, 98 S. Ct. 2018, 2037 (1978). A municipality's failure to train or discipline its employees can rise to the level of a constitutional violation only where the plaintiff can demonstrate deliberate indifference. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference is a stringent standard, requiring proof that the municipality disregarded a known or obvious consequence of its actions. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997).

### A. Failure to Train and Failure to Discipline

As to failure to train, the Supreme Court has instructed that "[i]n resolving the issue of a city's liability, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *City of Canton,* 489 U.S. at 390. The Court further cautioned that "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city," because the officer's alleged shortcomings may result from factors unrelated to any deficiency in the municipality's training program. *Id.* at 390–91. Here, Hankins identifies no evidence of a deficient training program, no pattern of similar constitutional violations, and no facts demonstrating that SLFPA-E or Hurstville were deliberately indifferent to a known need for additional training. Hankins relies on alleged deficiencies in Officer Wheeler and Pierre's training and speculation that training as to how officers should conduct themselves while engaged in secondary employment might have prevented the incident. But the Supreme Court has expressly rejected such reasoning, warning that virtually every plaintiff could identify something a

municipality "could have done" to prevent an alleged constitutional violation. *Id.* at 391–92. Imposing liability on that basis would effectively impose *respondeat superior* liability upon municipalities, contrary to *Monell*. *Id.* at 392.

The same reasoning defeats Hankins's failure to discipline claims. The record contains no evidence that SLFLA-E or Hurstville maintained a policy or custom of disregarding officer misconduct. To the contrary, the evidence reflects that Hankins's complaint about the subject incident was taken seriously and investigated, with Officers Wheeler and Pierre temporarily suspended by Hurstville until the investigation was completed. *See* R. Doc. 322-1 at 15–16. Nor does Hankins identify any pattern of similar incidents that would have placed SLFPA-E or Hurstville on notice of a need for additional disciplinary action. At most, Hankins challenges the adequacy of the agencies' response to the incident underlying this litigation. However, post-incident actions cannot themselves establish the deliberate indifference necessary to support municipal liability. *See, e.g., City of Okl. City v. Tuttle*, 471 U.S. 808, 824 (1985) (holding that "considerably more proof than the single incident" is necessary to establish fault on behalf of the government and casual connection). To hold otherwise would invite precisely the sort of "endless exercise of second-guessing municipal employee-training programs" that the Supreme Court cautioned against in *City of Canton*. 489 U.S.at 392.

Here, Hankins has produced no evidence of an official policy, widespread custom, or pattern of similar violations that would have placed SLFPA-E or Hurstville on notice of a need for additional training or discipline. Nor has Hankins identified evidence demonstrating that any alleged deficiency in SLFPA-E or Hurstville's practices was the "moving force" behind the alleged violation of Hankins's constitutional rights. Hankins thus fails to show that any genuine issue of

material fact precludes the entry of summary judgment in SLFPA-E or Hurstville's failure as to his claims for *Monell* failure to train and discipline.

**B. Failure to Supervise**

In its opinion affirming this Court's dismissal of Hankin's claims against the HANO supervisors, the Fifth Circuit held that Louisiana law imposes no duty upon HANO to supervise its employee officers while they are engaged in secondary employment with a separate entity. R. Doc. 279 at 6–7; see also *Wright v. Skate Country, Inc.*, 98-0217 (La. App. 4 Cir. 5/12/99), 734 So. 2d 874, 881; *Brasseaux v. Town of Mamou*, 99-1584 (La. 1/19/00), 752 So. 2d 815, 820 (holding that a municipal employer is not liable for an officer's conduct unless the officer was acting within the course and scope of municipal employment); *Powers v. U.S.*, 783 F.3d 570 (5th Cir. 2015) (holding that the fact that an officer was required to conduct himself in accordance with NOPD rules "did not transform his work for a private employer to employment on behalf of the city."). At the time of the alleged incident in June of 2020, Louisiana jurisprudence consistently held that for purposes of liability, an off-duty officer working a private detail is the employee of the company paying the detail, not of the city or the police department. *See Wright v. Skate Country*, Inc., 98-0217 (La. App. 4. Cir. 5/12/99); 734 So. 2d 874 ("A review of the caselaw on this issue reveals that only two cases . . . have been reported in the last quarter of the 20th century; both of those held that the governing body cannot be held liable."); *Duryea v. Handy*, 96– 1018 (La. App. 4 Cir. 10/3/97), 700 So. 2d 1123; *Luccia v. Cummings*, 94–416 (La. App. 5 Cir. 11/16/94), 646 So. 2d 1142, writ denied, 94–2983 (La. 2/3/95), 649 So. 2d 406; *Kramer v. Continental Casualty Co.*, 92–1131 (La. App. 3 Cir. 6/22/94), 641 So. 2d 557.

Hankins points to La. Rev. Stat. § 38:330.7(B) as the source of an alleged duty, which states that SLFPA-E "may employ a superintendent of police security to supervise the police security

personnel of all levee districts[.]" However, the permissive "may" used in that statute cannot be read to impose a duty to do so.

Moreover, as Defendants point out, La. Rev Stat. § 38:326(A)(1)(a) makes clear that the authority of levee district police is to be "responsible for maintaining order and exercising general police power on and off the levees, within the area of the levee district or levee and drainage district, and upon its surrounding waters." That is, levee district police officers are responsible for providing law enforcement functions within the district and while employed by that district. Accordingly, La. Rev. Stat. § 38:330.7 must be read to contemplate supervision by levee district law enforcement agency only while on duty and patrolling in the district on levee police business; it does not impose on SLFPA-E a duty to supervise its officers while engaged in secondary employment. Accordingly, SLFPA-E is entitled to the entry of summary judgment in its favor as to Hankins's claim for failure to supervise.

However, the same reasoning does not hold true relative to Hurstville. Defendants argue that Hankins cannot establish *Monell* liability against Hurstville for failure to supervise officers Wheeler and Pierre because Hankins cannot show that Hurstville acted with deliberate indifference to a known or obvious risk of constitutional violations and that the alleged failure to supervise was the moving force behind the constitutional injury. But as the employing entity, Hurstville unquestionably had a duty under Louisiana law to supervise Officers Wheeler and Pierre at the time of the subject incident. Nevertheless, Hurstville disclaimed responsibility for providing supervision, knowing that no other entity was supervising those officers.. As Hankins argues, a reasonable jury could find that this failure to provide any supervision whatsoever constituted deliberate indifference, is causally related to the subject incident, and was objectively

unreasonable.[1] Accordingly, the Court will deny summary judgment as to Hankins's claim against Hurstville.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 322, is

**GRANTED IN PART** as to Hankins's federal claims raised against SLFPA-E and Hankins's failure to train and failure to discipline claims against Hurstville, and **DENIED IN PART** as to Hankins's claim against Hurstville for failure to supervise. The Court declines to dismiss Hankins' state law claims against any defendant at this time as that issue has not been adequately briefed.

New Orleans, Louisiana, this 17th day of September, 2026.

THE HONORABLE ELDON E. FALLON

[1] At oral argument, Defendants averred that the supervisory void Plaintiff asserts this situation created does not exist, arguing that Hurstville operated as the supervisor of day-to-day operations, with the primary employing agency stepping in to supervise in the aftermath should an event necessitating the use of police power actually occur. Even if true, this system still provides no legally responsible party for supervision of police conduct during such an event itself. This supervisory void is especially clear given Defendants arguments that neither Hurstville and Perilloux nor Officers Wheeler and Pierre's primary employing agencies and their supervisors can be held liable for the subject incident.